GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant DOORDASH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CLIFFORD LINN, BAXTER GIPSON, JOHN GREGORIO, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | CASE NO. 3:20-cv-00666-RS<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>[*Declaration of Andrew Wilhelm and [Proposed] Order filed concurrently herewith*]<br><br>Action Filed:  January 29, 2020<br><br>Honorable Judge Richard Seeborg |

**INTRODUCTION**

Defendant DoorDash, Inc. submits this administrative motion under Civil Local Rule 7-11 for an order staying this action pending final approval of a class settlement that would encompass this action.

In November 2019, the plaintiff in *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (S.F. Super. Ct.), moved for preliminary approval of a class settlement. Upon approval, that settlement will release, among other things, claims that DoorDash has misclassified California and Massachusetts delivery providers as independent contractors, including claims brought under the Fair Labor Standards Act ("FLSA") and the California Labor Code and Wage Orders. The proposed *Marciano* settlement significantly overlaps with this action. Plaintiffs in this case seek to represent three classes comprising California, Massachusetts, and Illinois delivery providers. Plaintiffs allege that DoorDash has misclassified them as independent contractors—the same claim being settled and released in *Marciano*.

Other courts facing similar claims against DoorDash have ordered a stay pending the *Marciano* settlement. As the Honorable Laurel Beeler recently found in a nationwide FLSA action against DoorDash asserting substantially the same claims as Plaintiffs here, a "stay is in the best interests of judicial efficiency and comity." *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019) (Wilhelm Decl. Ex. A). A stay is likewise warranted here.[1]

**ARGUMENT**

Plaintiffs Clifford Linn, Baxter Gipson, John Gregorio (collectively, "Plaintiffs") filed this lawsuit under the FLSA, California Labor Code, California Wage Orders, California Unfair Competition Law, and Illinois and Massachusetts state laws. Linn alleges he is a California resident, Dkt. 1 ¶ 11, Gregorio alleges he is a Massachusetts resident, *id.* ¶ 17, and Gipson alleges he is an Illinois resident, *id.* ¶ 14. Plaintiffs' theory is that, because DoorDash allegedly misclassifies delivery providers as independent contractors, it necessarily violates minimum-wage and other labor laws. *See,*

---

[1] Counsel for DoorDash requested a stipulated stay from Plaintiffs' counsel, but Plaintiffs' counsel declined to stipulate. Wilhelm Decl. ¶¶ 2, 3.

*e.g.*, *id.* ¶¶ 1, 4.  They bring sixteen causes of action under federal and state law.[2]  By stipulation, DoorDash's deadline to respond to the Complaint is March 27, 2020.  Dkt. 15.

The proposed class settlement in *Marciano* would release, among other things, claims that DoorDash has misclassified its delivery providers as independent contractors, including claims under the FLSA, California Labor Code, IWC Wage Orders, and Massachusetts General Laws.  *See* Wilhelm Decl. Ex. B.  The majority of claims at issue here—all premised on misclassification—would be released if the *Marciano* court gives final approval of the class settlement.  *See id.* § 2.37 (releasing DoorDash from "all claims arising out of or relating to the alleged misclassification of Dashers, and specifically including: claims pursuant to" the FLSA, California Labor Code, IWC Wage Orders, and Massachusetts General Laws).  Plaintiffs Linn and Gregorio, as California and Massachusetts delivery providers, would have their claims released unless they opt out of the settlement.  *See id.* § 6.2.[3]

Federal courts regularly stay actions in similar circumstances, including when the overlapping settlement agreement is subject to approval by a state court.  Indeed, the Ninth Circuit has determined that "a temporary stay pending settlement of [a] nationwide class action was appropriate" when "a competing state class action covering a portion of the federal class posed a significant danger to the

---

[2]  (1) Minimum wage violations under the FLSA, Dkt. 1 ¶¶ 97–111; (2) overtime violations under the FLSA, *id.* ¶¶ 112–117; (3) minimum wage violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 118–121; (4) overtime violations under the California Labor Code, *id.* ¶¶ 122–125; (5) wage payment violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 126–133; (6) meal and rest period violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 134–139; (7) business expense reimbursement violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 140–145; (8) misappropriation of tips under the California Labor Code, *id.* ¶¶ 146–150; (9) violations of California's Unfair Competition Law ("UCL"), *id.* ¶¶ 151–161; (10) minimum wage violations under Illinois law, *id.* ¶¶ 162–165; (11) overtime violations under Illinois law, *id.* ¶¶ 166–169; (12) business expense reimbursement violations under Illinois law, *id.* ¶¶ 170–173; (13) minimum wage violations under Massachusetts law, *id.* ¶¶ 174–177; (14) overtime violations under Massachusetts law, *id.* ¶¶ 178–181; (15) business expense reimbursement violations under Massachusetts law, *id.* ¶¶ 182–184; and (16) misappropriation of tips under Massachusetts law, *id.* ¶¶ 186–189.

[3]  Plaintiffs Linn and Gregorio would be covered by the *Marciano* settlement as California and Massachusetts delivery providers.  Even though the Complaint includes a proposed Illinois class, a stay would nevertheless "simplify matters for this court by determining the landscape of plaintiffs who are permitted to bring or participate in suits against" DoorDash.  *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014).  Indeed, if Linn and Gregorio accept the *Marciano* settlement and dismiss their claims here, this Court likely would not have subject-matter jurisdiction over the remaining Illinois claims.

Gibson, Dunn &
Crutcher LLP

delicate and transitory process of approving a settlement agreement." *Sandpiper Vill. Condo. Ass'n, Inc. v. La.-Pac. Corp.*, 428 F.3d 831, 845 (9th Cir. 2005) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)).[4]

Here, several courts have already granted DoorDash's motions to stay parallel actions that would be encompassed by the *Marciano* settlement, and this Court should do the same.  For example, Judge Beeler recently stayed an overlapping FLSA action against DoorDash "pending final approval of the class settlement in *Marciano*," finding that a "stay is in the best interests of judicial efficiency and comity."  *Harriman v. DoorDash, Inc.*, No. 19-cv-06411, Dkt. 17 (N.D. Cal. Dec. 16, 2019) (Wilhelm Decl. Ex. A).  The California Court of Appeal has likewise stayed two misclassification actions against DoorDash pending approval of the *Marciano* settlement.  *Brown v. DoorDash, Inc.*, No. B295813 (Cal. Ct. App. Dec. 12, 2019) (Wilhelm Decl. Ex. C); *Lowe v. DoorDash, Inc.*, No. B298535 (Cal. Ct. App. Dec. 23, 2019) (Wilhelm Decl. Ex. D).[5]

This Court should do the same.  The Court has inherent power to enter a stay.  *See Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) (discretionary stay permitted out of comity concerns).  Because a court has "power to control its docket," it may order a stay when it "find[s] it is efficient for its own docket and the fairest course for the parties" to stay the action "pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979).  Courts generally consider three factors when determining whether a stay is

---

[4]  *See also Advanced Internet Techs., Inc. v. Google, Inc.*, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (staying action when a settlement agreement pending approval of Arkansas state court "would have a material impact on the action here," including "substantially affect[ing] the number of class members with viable claims"); *Branca v. Iovate Health Scis., USA, Inc.*, 2013 WL 1344306, at *2 (S.D. Cal. Apr. 2, 2013) (staying action pending ruling on pending class settlement by Santa Barbara Superior Court); *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4–5 (C.D. Cal. Sept. 20, 2012) (staying action pending appeal of plaintiffs who objected to an overlapping class settlement approved by the San Diego Superior Court).

[5]  The two cases in which stay requests were denied are inapposite.  In one case, the court found it critical that the plaintiff was pursuing only individual claims and submitted a declaration that she would not accept the *Marciano* settlement under any circumstances.  *Menifee v. DoorDash, Inc.* (N.D. Cal. Jan. 15, 2020) No. 19-cv-06346, Dkt. 22 (Wilhelm Decl. Ex. E).  Here, Plaintiffs seek to serve as class representatives and have submitted no similar declaration.  In the other case, the court denied a stay because petitioners "*want* individual arbitrations before AAA" and therefore the court "expect[ed] all petitioner[s] here to opt out."  *Abernathy v. DoorDash, Inc.*, No. 19-cv-07545, Dkt. 177 (N.D. Cal. Feb. 10, 2020) (Wilhelm Decl. Ex. F) [emphasis added].  This case presents the opposite scenario: Plaintiffs claim to have *opted out* of arbitration.

appropriate: "(1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity that a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay." *Casserly v. Power Balance, LLC*, 2011 WL 13220130, at *1 (C.D. Cal. June 13, 2011) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

All three factors favor a stay here.

*First*, no damage will result from a stay.  Linn's and Gregorio's claims here would be encompassed in the *Marciano* settlement and, if they are unhappy with the terms of that settlement, they may choose to opt out.  Nor would the short delay here prejudice Plaintiffs.  In *Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196, at *1 (N.D. Cal. Jan. 19, 2007), for example, the court entered a stay even where the parties to the parallel proceeding had not yet reached a settlement agreement.  Here, the parties in the parallel action *already* have agreed on settlement terms.  The *Marciano* settlement is scheduled for a preliminary approval hearing on March 30, 2020.  Wilhelm Decl. ¶ 5.  Thus, "there is little damage to Plaintiff[s] from granting the stay." *Casserly*, 2011 WL 13220130, at *2; *Packer v. Power Balance, LLC*, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (stay appropriate when "Plaintiff has not shown any prejudice that will result from a brief stay while the related proceedings develop").

*Second*, DoorDash will suffer hardship absent a stay.  If this case were to continue, the *Marciano* settlement could be placed in jeopardy because the parties would not know whether the claims asserted in this case could be released, and on what terms.  Moreover, DoorDash "may be subject to duplicative and inconsistent rulings" if this Court were to decide any issues that overlap with *Marciano*. *Pieterson v. Wells Fargo Bank, N.A.*, 2019 WL 1466963, at *2 (N.D. Cal. Feb. 14, 2019); *see also Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4–5 (C.D. Cal. Sept. 20, 2012) (defendant would suffer hardship absent a stay due to the possibility of duplicative and unnecessary litigation that may yield conflicting results); *Pearson v. Wells Fargo, N.A.*, 2014 WL 2452802, at *4 (W.D. Wash. June 2, 2014) (noting that, absent a stay, "the uncertainty as to the ability of both [the plaintiff] and the putative class to participate in the litigation could cause considerable hardship to Defendants, complicate the litigation, and waste judicial resources").  DoorDash "should not be

1  required to go forward when duplicative or unnecessary litigation is likely." *Rego*, 2012 WL 12953740,

2  at *4.

3      *Third*, a stay would simplify (or even eliminate) most of the issues before this Court.  A stay is

4  appropriate when "[a] decision on settlement approval in [another court] will be a significant step

5  toward … at least streamlining the questions that must be resolved by this Court and clarifying what

6  claims remain in this case and who may pursue them." *Pieterson*, 2019 WL 1466963, at *3; *see also*

7  *Casserly*, 2011 WL 13220130, at *2 (judicial economy favored stay where the parallel settlement

8  "would likely impact the scope of this action"); *Rego*, 2012 WL 12953740, at *4 (stay warranted to

9  avoid possibility of "piecemeal litigation").  Here, Plaintiffs seek to represent classes of California and

10  Massachusetts delivery providers.  Compl. ¶ 86.  Thus, settlement approval in *Marciano* will be a

11  significant step toward streamlining the issues and parties in this action.  *Pearson*, 2014 WL 2452802,

12  at *4  (stay would "simplify matters for this court by determining the landscape of plaintiffs who are

13  permitted to bring or participate in suits against [defendant]").

## CONCLUSION

15      The Court should stay this action pending approval of the proposed *Marciano* class settlement

16  that would significantly overlap with this action.

18  Dated:  March 10, 2020      GIBSON, DUNN & CRUTCHER LLP

20  By:    */s/ Joshua Lipshutz*

Joshua Lipshutz

22  Attorneys for Defendant DoorDash, Inc.

Gibson, Dunn & Crutcher LLP

**PROOF OF SERVICE**

I, Tim Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State.  On March 10, 2020, I served the following document(s):

**DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT**

**DECLARATION OF ANDREW WILHELM**

**[PROPOSED] ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION**

On the parties stated below, by the following means of service:

OUTTEN & GOLDEN LLP
JAHAN SAGAFI, SBN 224887
  jsagafi@outtengolden.com
RELIC SUN, SBN 306701
  rsun@outtengolden.com
MOLLY FRANDSEN, SBN 320094
  mfrandsen@outtengolden.com
One California Street, 12th Floor
San Francisco, CA 94111

GIBBS LAW GROUP LLP
STEVEN M. TINDALL, SBN 187862
  smt@classlawgroup.com
AARON BLUMENTHAL, SBN 310605
  ab@classlawgroup.com
NIKUL SHAH, SBN 321282
  ns@classlawgroup.com
505 14th Street, Suite 1110
Oakland, CA 94612

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2020

_____/s/ Tim Kolesk_____
Tim Kolesk

DEFENDANT'S ADMINISTRATIVE MOTION TO STAY PENDING FINAL APPROVAL OF CLASS SETTLEMENT
CASE NO. 3:20-cv-00666-RS

Gibson, Dunn & Crutcher LLP