UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD LINN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOORDASH, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-00666-RS<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO STAY** |

Defendant DoorDash, Inc. requests this case be stayed pending final approval of a class action settlement in *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (Cal. Super Ct. filed July 5, 2018). A proposed settlement in that case is awaiting preliminary approval.

Plaintiffs' first objection to the motion is procedural; they argue an administrative motion is not the proper vehicle for requesting a stay. The Civil Local Rules permit administrative motions for "miscellaneous administrative matters" only, such as motions to file under seal or to extend page limits. As plaintiffs themselves acknowledge, however, administrative motions to stay have recently been decided on their merits in similar cases. *See, e.g.*, *Menifee v. DoorDash, Inc.*, No. 19-cv-06346, ECF No. 22 (N.D. Cal. filed Oct. 4, 2019). Furthermore, plaintiffs were given notice and an opportunity to respond to the present motion. All the information needed to decide the motion has been presented. It will therefore be decided on its merits.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Among the factors to be weighed in determining whether a stay is appropriate

are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

In the present case, each factor counsels against a stay. First, plaintiffs will be prejudiced by the granting of a stay. The *Marciano* settlement has not yet received preliminary, let alone final, approval. Several objections have already been lodged, decreasing the likelihood of final approval, especially anytime soon, and demonstrating that, if the settlement is approved, it may be appealed. Any stay granted in the present case would therefore have to be effectively indefinite. Furthermore, even if the settlement had been finalized, plaintiffs' claims would not be fully released. The *Marciano* settlement does not include claims under Illinois law, while the present case does. The plaintiffs in the present case have also sworn they will opt out of the *Marciano* settlement, as have many of their peers who have been in touch with plaintiffs' counsel. This point is especially compelling given the *Marciano* settlement is designed to compensate DoorDash drivers bound by arbitration agreements, while the present case is brought on behalf of drivers who opted out of arbitration, and thus may be entitled to different forms of relief. Thus, both because any stay would effectively be indefinite given the procedural posture of *Marciano*, and because plaintiffs would still have claims left to be litigated after any such stay was lifted, plaintiffs would be prejudiced by the granting of a stay.

Second, DoorDash has not identified any concrete harm it would suffer by litigating this case in parallel with *Marciano*. The company claims it might be subject to duplicative or inconsistent rulings, but as explained above, there are several issues in this case that are separate and distinct from the issues raised in *Marciano*. As this case proceeds, depending on the status of the *Marciano* settlement, DoorDash may be able to demonstrate a real possibility of some inconsistency, and thus that a partial or total stay of the present litigation is warranted. It has not and cannot, however, do so at this juncture.

Finally, issues of fact and law will not be uncomplicated by a stay. Plaintiffs and their peers have indicated their intent to opt out of the *Marciano* settlement and have raised claims, for example those arising under Illinois law, that will need to be litigated here regardless of what happens in that case. It cannot be said that merely delaying their litigation serves the orderly course of justice. Other courts in this District have denied stays in analogous cases against DoorDash for similar reasons. *See, e.g.*, *Menifee v. DoorDash, Inc.*, No. 19-cv-06346, ECF No. 22 (N.D. Cal. filed Oct. 4, 2019); *Abernathy v. DoorDash, Inc.*, No. No. 19-cv-075745, ECF No. 177 (N.D. Cal. filed Nov. 15, 2019). The motion for a stay is therefore denied.

**IT IS SO ORDERED**.

Dated: March 17, 2020

_____
RICHARD SEEBORG
United States District Judge