GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
　jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:　415.393.8200
Facsimile:　415.393.8306

THEANE EVANGELIS, SBN 243570
　tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
　mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:　213.229.7000
Facsimile:　213.229.7520

Attorneys for Defendant DOORDASH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CLIFFORD LINN, BAXTER GIPSON, JOHN GREGORIO, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DOORDASH, INC.,<br><br>　　　　Defendant. | CASE NO. 3:20-cv-00666-RS<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>[*[Proposed] Order filed concurrently herewith*]<br><br>Action Filed: January 29, 2020<br><br>Hearing Date: May 7, 2020<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom 3 – 17th Floor<br><br>Honorable Judge Richard Seeborg |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 7, 2020, at 1:30 p.m., or as soon as the matter may be heard before the Honorable Richard Seeborg of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 3, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DoorDash, Inc. will and does move this Court for an order dismissing the fifth, sixth, seventh, eighth, ninth, twelfth, and fifteenth causes of action of the Complaint filed by Plaintiffs Clifford Linn, Baxter Gipson, and John Gregorio ("Plaintiffs"). This motion is brought on the grounds that Plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiffs fail to adequately plead several of these claims, each of which must be dismissed:

- Claim 5: Plaintiffs fail to allege that DoorDash knowingly and intentionally failed to provide accurate wage statements;

- Claim 6: Plaintiffs do not allege facts sufficient to show that DoorDash violated meal and rest break provisions under California law because they fail to allege "at least one specific instance where [they] personally experienced a missed meal or rest period";

- Claims 7, 12, 15: Plaintiffs fail to provide any non-conclusory allegations to support their claim regarding their entitlement to business expense reimbursements;

- Claim 8: There is no private right of action for Plaintiffs' misappropriation of tips claim under Labor Code § 351;

- Claim 9: Several portions of Plaintiffs' UCL claim must be dismissed because they fail to plausibly allege the underlying misconduct, including:

  o Violations of Labor Code § 226.8, *id.* ¶ 155(b), because Plaintiffs fail to allege facts supporting a claim of "willful misclassification";

  o Violations of Labor Code §§ 226, 353, and 1174 (Count 5), because Plaintiffs state no facts alleging that DoorDash's purported failure to provide accurate wage statements was "knowing and intentional";

  o Violations of Labor Code §§ 226.7, 512 (Count 6), because Plaintiffs' meal and rest break claims lack the requisite specificity; and

  o Violations of Labor Code §§ 221 and 2802 (Count 7), because Plaintiffs have not provided any non-conclusory allegations to support their claim.

DoorDash's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

| | | |
|---|---|---|
| Dated: March 27, 2020 | | GIBSON, DUNN & CRUTCHER LLP |

By: */s/ Joshua Lipshutz*
Joshua Lipshutz

Attorneys for Defendant DOORDASH, INC.

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY ........................... 1

STANDARD OF REVIEW ....................................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    A.    Plaintiffs Fail To State A Claim For Wage Statement Violations (Count 5) ................ 3

    B.    Plaintiffs Fail To State A Claim For Meal And Rest Break Violations (Count 6) ........................................................................................................................ 4

    C.    Plaintiffs Fail To State A Claim For Reimbursement Of Business Expenses (Counts 7, 12, And 15) ................................................................................................. 6

        1.    California Plaintiff Linn's Reimbursement Claims Fail For Additional Reasons ....................................................................................... 6

        2.    Illinois Plaintiff Gipson's Reimbursement Claim Fails For The Same Reasons As Linn's ....................................................................................... 8

        3.    Massachusetts Plaintiff Gregorio's Reimbursement Claim Fails For Additional Reasons ....................................................................................... 8

    D.    Plaintiffs Fail To State A Claim For Misappropriation Of Tips (Count 8) ................... 9

    E.    Plaintiffs Fail To Allege Predicate Violations To Support Their UCL Claims ............ 9

CONCLUSION ........................................................................................................................ 11

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angeles v. U.S. Airways, Inc.*,
  2013 WL 622032 (N.D. Cal. Feb. 19, 2013) ................................................................... 10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 2, 3, 5, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 2, 3, 11

*Brinker Rest. Corp. v. Super. Ct.*,
  53 Cal. 4th 1004 (2012) ......................................................................................... 5

*Byrd v. Masonite Corp.*,
  2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ............................................................. 4, 10

*Camara v. Attorney Gen.*,
  458 Mass. 756 (2011) ............................................................................................. 8

*Cortez v. United Nat. Foods, Inc.*,
  2019 WL 955001 (N.D. Cal. Feb. 27, 2019) ............................................................... 5

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ................................................................................... 2

*Fraelick v. PerkettPR, Inc.*,
  83 Mass. App. Ct. 698 (2013) ............................................................................. 8, 9

*Franke v. Anderson Merchandisers LLC*,
  2017 WL 3224656 (C.D. Cal. July 28, 2017) ........................................................... 6, 7

*Freeman v. Zillow, Inc.*,
  2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) ............................................................. 4

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
  42 Cal. 4th 554 (2007) ........................................................................................... 6

*Guerrero v. Halliburton Energy Services, Inc.*
  2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ............................................................. 4

*Gutierrez v. Aaron's Inc.*,
  2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ........................................................... 3, 4

*Hammitt v. Lumber Liquidators*,
  19 F. Supp. 3d 989 (S.D. Cal. 2014) ......................................................................... 8

Gibson, Dunn &
Crutcher LLP

*Harding v. Time Warner, Inc.*,
    2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ................................................................. 3

*Jasper v. C.R. England, Inc.*,
    2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) ................................................................ 3

*Kellgren v. Petco Animal Supplies, Inc.*,
    2013 WL 12076473 (S.D. Cal. Sept. 13, 2013) ............................................................ 10

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ..................................................................................... 4, 10

*Lee v. Postmates Inc.*,
    2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) ............................................................... 7

*Lu v. Hawaiian Gardens Casino, Inc.*,
    50 Cal. 4th 592 (2010) ................................................................................................. 9

*Magadia v. Wal-Mart Assocs., Inc.*,
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ........................................................................ 3

*Martins v. 3PD Inc.*,
    2014 WL 1271761 (D. Mass. Mar. 27, 2014) .............................................................. 9

*Matoff v. Brinker Rest. Corp.*,
    439 F. Supp. 2d 1035 (C.D. Cal. 2006) ........................................................................ 9

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) ................................................................................... 10

*Sanchez v. Ritz Carlton*,
    2015 WL 5009659 (C.D. Cal. Aug. 17, 2015) ............................................................. 5

*Sanders v. Old Dominion Freight Line, Inc.*,
    2018 WL 6321628 (C.D. Cal. June 25, 2018) ............................................................. 4

*Schwann v. FedEx Ground Package Sys., Inc.*,
    2014 WL 496882 (D. Mass. Feb. 7, 2014) .................................................................. 9

*Snap! Mobile, Inc. v. Croghan*,
    2019 WL 3503376 (N.D. Cal. Aug. 1, 2019) ............................................................... 5

*Stuart v. RadioShack Corp.*,
    641 F. Supp. 2d 901 (N.D. Cal. 2009) ...................................................................... 6, 7

*White v. Starbucks Corp.*,
    497 F. Supp. 2d 1080 (N.D. Cal. 2007) ..................................................................... 10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ................................................................................ 7, 10

**Statutes**

820 ILCS 115/9.5 ................................................................................................................8

Cal. Lab. Code § 226(e)(1) .............................................................................................3, 4

Cal. Lab. Code § 226.8(i)(4) ..............................................................................................10

Cal. Lab. Code § 2802 .....................................................................................................6, 8

Mass. Gen. Law ch. 149, § 148 ...........................................................................................8

## INTRODUCTION

Plaintiffs Clifford Linn, Baxter Gipson, and John Gregorio (collectively, "Plaintiffs") claim that Defendant DoorDash, Inc. misclassifies delivery providers as independent contractors and, therefore, has violated various provisions of the Fair Labor Standards Act ("FLSA"), the California Labor Code, California's Unfair Competition Law ("UCL"), and Illinois and Massachussetts labor laws. These claims are meritless. At the outset, however, several of Plaintiffs' causes of action should be dismissed because they rely on conclusory and/or implausible allegations, including Plaintiffs' claims that DoorDash violated certain wage statement, meal and rest break, and business expense reimbursement statutes (causes of action 5, 6, 7, 8, 12, and 15). Additionally, because Plaintiffs did not adequately plead these claims, the UCL cause of action that is predicated on these claims should be dismissed as well. Finally, Plaintiffs' tipping misappropriation claim under California Labor Code § 351 should be dismissed because the statute does not provide a private right of action.

## ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY

Plaintiffs filed this lawsuit under the FLSA, California Labor Code, California Wage Orders, California Unfair Competition Law, and Illinois and Massachusetts labor laws. Linn alleges he is a California resident, Compl. ¶ 11, Gregorio alleges he is a Massachusetts resident, *id.* ¶ 17, and Gipson alleges he is an Illinois resident, *id.* ¶ 14.

Plaintiffs allege that they work as "delivery driver[s] for DoorDash." Compl. ¶¶ 12, 15, 18. They allege that DoorDash "assigns orders to its drivers" through "the Dasher App." *Id.* ¶ 25. Plaintiffs allege that they are subject to DoorDash's "control," because, in part, "DoorDash unilaterally determines how much to pay Dashers for each delivery." *Id.* ¶ 54. Plaintiffs contend that they were "[im]properly classified as independent contractors, as opposed to employees," and that they are "entitled to the protections of federal and their state's labor laws." *Id.* ¶¶ 73–74. In conclusory fashion, Plaintiffs allege that DoorDash violated these labor laws, *inter alia*, when "California Plaintiff and class members regularly worked in excess of five-hour shifts without being afforded at least a half-hour meal break," *id.* ¶ 136, when "California Plaintiff and class members regularly worked without being afforded at least one ten-minute work break," *id.* ¶ 137, and when DoorDash "failed to provide and maintain tools and equipment that Plaintiff and class members required to perform their duties,"

*id.* ¶ 144.

Plaintiffs bring sixteen causes of action under federal and state laws: (1) minimum wage violations under the FLSA, Compl. ¶¶ 97–111; (2) overtime violations under the FLSA, *id.* ¶¶ 112–117; (3) minimum wage violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 118–121; (4) overtime violations under the California Labor Code, *id.* ¶¶ 122–125; (5) wage statement violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 126–133; (6) meal and rest period violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 134–139; (7) business expense reimbursement violations under the California Labor Code and IWC Wage Order No. 9-2001, *id.* ¶¶ 140–145; (8) misappropriation of tips under the California Labor Code, *id.* ¶¶ 146–150; (9) violations of California's UCL, *id.* ¶¶ 151–161; (10) minimum wage violations under Illinois law, *id.* ¶¶ 162–165; (11) overtime violations under Illinois law, *id.* ¶¶ 166–169; (12) business expense reimbursement violations under Illinois law, *id.* ¶¶ 170–173; (13) minimum wage violations under Massachusetts law, *id.* ¶¶ 174–177; (14) overtime violations under Massachussetts law, *id.* ¶¶ 178–181; (15) business expense reimbursement violations under Massachussetts law, *id.* ¶¶ 182–184; and (16) misappropriation of tips under Massachussetts law, *id.* ¶¶ 186–189.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678; *see also, e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (holding that plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity" under *Twombly* and *Iqbal*, in

affirming a motion to dismiss a labor action).

Courts follow a two-step approach when applying the plausibility standard. First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also id.* (Rule 8 requires more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)). Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'" *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "*show*," in a plausible way, that the plaintiff is entitled to relief. *Id.* at 679 (emphasis added); *see, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage and hour claims where plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim"). The mere "possibility" of a violation is not enough. *Iqbal*, 556 U.S. at 679.

**ARGUMENT**

**A.     Plaintiffs Fail To State A Claim For Wage Statement Violations (Count 5)**

Plaintiffs' wage statement claim under California Labor Code §§ 226 and 1174(d)) and Wage Order 9 should be dismissed because it is inadequately pled. A valid wage statement claim must plead facts demonstrating that an employee suffered "injury as a result of *a knowing and intentional failure* by an employer" to provide accurate wage statements. Cal. Labor Code § 226(e)(1) (emphasis added); *see also Magadia v. Wal-Mart Assocs., Inc.*, 384 F. Supp. 3d 1058, 1080–82 (N.D. Cal. 2019) ("[T]he knowing and intentional requirement of § 226 is akin to a willfulness requirement. That is, in order to be liable, Wal-Mart must have willfully intended to issue wage statements that were out of compliance with § 226."). Allegations that a defendant "failed to properly and accurately itemize the gross wages

Gibson, Dunn &
Crutcher LLP

earned, the net wages earned, and all applicable hourly rates" are "conclusory statements [that] fail to provide <u>facts</u> sufficient to plausibly suggest [d]efendant willfully provided inaccurate wage statements." *Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL 6321628, at *3 (C.D. Cal. June 25, 2018) (emphasis in original).

Here, Plaintiffs state no facts alleging that DoorDash's purported failure to provide accurate wage statements was "knowing and intentional." Cal. Labor Code § 226(e)(1). Plaintiffs merely state that "DoorDash has failed to provide accurate and itemized paystubs to its California drivers" (Compl. ¶ 128) and that the wage statements were not "accurate" (*id*. ¶ 130). Without alleging facts sufficient to show that DoorDash knowingly and intentionally failed to provide accurate wage statements, Plaintiffs fail to state a claim for wage statement violations.

**B.     Plaintiffs Fail To State A Claim For Meal And Rest Break Violations (Count 6)**

Plaintiffs' conclusory claim alleging violations of California Labor Code and Wage Order 9's meal and rest break provisions also should be dismissed. Under the Ninth Circuit's decision in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), a plaintiff must allege "at least one specific instance where he or she personally experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Svcs., Inc.*, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016) (citing *Landers*); *see also Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) ("Nowhere in the Complaint does Plaintiff identify a *specific instance* in which he was denied a … meal period, or rest break." (emphasis added)).

Here, Plaintiffs fail to allege any instances where they personally experienced a missed meal or rest period. Instead, they simply allege that they "regularly worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they [were] relieved of all duty" (Compl. ¶ 136) and that they "regularly worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed" (*id*. ¶ 137). That "legal conclusion," with only "limited factual allegations," is not enough to state a claim. *Gutierrez*, 2010 WL 4968142, at *3. Plaintiffs' allegations that they "spent hours … 'on-call'" (Compl. ¶ 108) and that they could not take care of personal business during on-call time (*id*. ¶ 109) similarly fail to meet the specificity required for factual allegations under *Landers*. *See, e.g.*, *Freeman v. Zillow, Inc.*, 2015 WL 5179511,

at *5 (C.D. Cal. Mar. 19, 2015) (dismissing plaintiff's meal and rest period claim because "nowhere [did] Plaintiff allege at least one meal or rest break where he worked through the break and was not paid for that time"); *Sanchez v. Ritz Carlton*, 2015 WL 5009659, at *3 (C.D. Cal. Aug. 17, 2015) (dismissing plaintiffs' meal break claim because "without factual allegations about Plaintiffs' specific experiences, the claims against Defendants are merely 'conceivable,' not 'plausible.'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" must be dismissed. *See Iqbal*, 556 U.S. at 678.

Moreover, meal and rest period claims that are "devoid of allegations that sufficiently allege that [the company] knew or should have known what hours [the worker] was working or when he was taking breaks" are insufficient to state a claim. *Snap! Mobile, Inc. v. Croghan*, 2019 WL 3503376, at *11 (N.D. Cal. Aug. 1, 2019). "Liability is contingent on proof the employer knew or should have known off-the-clock work was occurring." *Id*. (citing *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1051–52 (2012)). In *Snap*, the worker did not allege "that he was assigned and worked shifts in which he was unable to go off duty for a break." *Id.* at *12. The worker's allegations that Snap directed him to "complete different tasks at different schools" were insufficient to show "a work schedule that precluded breaks." *Id*. Thus, this Court granted Snap's motion to dismiss the meal and rest period counterclaims. Similarly, Plaintiffs here fail to allege "a work schedule that precluded breaks." *Id*. Plaintiffs allege only that DoorDash provided them with delivery opportunities that they were free to accept or reject. Compl. ¶ 38. This allegation is insufficient to show that DoorDash "knew or should have known" when Plaintiffs were working or when they were taking breaks. *Snap*, 2019 WL 3503376 at *11; *see also Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *10 (N.D. Cal. Feb. 27, 2019) (dismissing meal and rest period claim because plaintiff's statement that defendant "routinely required Plaintiff, and similarly situated drivers, to work shifts longer than 5 hours without providing them rest breaks or meal breaks" was insufficient to state a claim, and noting that plaintiff's "failure to plead at least one occasion on which he was impeded from taking a break likely runs afoul of the Ninth Circuit's decision in *Landers*"). As in *Snap* and *Cortez*, Plaintiffs here fail to state a claim for meal and rest period violations.

## C. Plaintiffs Fail To State A Claim For Reimbursement Of Business Expenses (Counts 7, 12, And 15)

Plaintiffs' claim that DoorDash failed to reimburse drivers for business expenses should be dismissed because the Complaint provides no details about the expenses that members of the putative class, let alone Plaintiffs themselves, actually incurred. *See* Compl. ¶ 47. Instead, Plaintiffs merely allege that drivers in general incurred expenses such as "costs of gasoline, car insurance, car maintenance, depreciation and repairs, and cell phone usage," *id.* ¶¶ 142, 172, 184, without alleging a single instance in which they incurred a particular expense that they would not have incurred but for their use of the DoorDash platform. Plaintiffs do not allege, for example, what type of vehicle maintenance expenses they incurred, when they incurred them, or whether they would have incurred them had they not contracted with DoorDash. For these reasons, Plaintiffs' expense reimbursement claims should be dismissed. *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) (dismissing claim for business expenses where complaint merely alleged "use of personal phones for business-related purposes, costs incurred to comply with Defendants' dress code, and costs incurred using their personal vehicles for work travel," but "fail[ed] to provide a single instance when such a cost was incurred").

### 1. California Plaintiff Linn's Reimbursement Claims Fail For Additional Reasons

The Complaint alleges that Plaintiff Linn is the only named plaintiff who is a California resident. *Id.* ¶ 11. California Labor Code section 2802 provides, in relevant part, that "[an] employer shall indemnify *his or her employee* for *all necessary expenditures or losses* incurred by the employee in *direct consequence of the discharge of his or her duties*" (emphases added); *see also Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567–68 (2007) (Section 2802 requires an employer to reimburse its employees only for expenses they "actually and necessarily incur in performing their employment tasks," and whether an expense was necessary "depends on the reasonableness of the employee's choices"). Further, an employer's duty to reimburse is not triggered unless it "either know[s] or has reason to know that the employee has incurred a reimbursable expense." *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009). Only after "the employer has such knowledge" does it have a "duty to exercise due diligence and take any and all reasonable steps to

Gibson, Dunn & Crutcher LLP

ensure that the employee is paid for the expense." *Id*. That is because "if the employer had no knowledge or reason to know that the expense was incurred and the employee withheld that information, it would hardly seem fair to hold the employer accountable." *Id*. at 902–903.

Here, Linn alleges that he generally incurred expenses for the "costs of gasoline, car insurance, car maintenance, depreciation and repairs, and cell phone usage." Compl. ¶ 142. But Linn fails to allege facts showing that any supposed expense was "necessary" to or "in direct consequence" of the "discharge of his . . . duties," as required by Cal. Lab. Code § 2802(a). Linn makes only the conclusory allegation that the unspecified costs he purportedly incurred were "necessary expenditures [he] incurred as a direct result of the duties he performed for the Defendant's benefit and/or at the Defendant's direction." Compl. ¶ 142.

Linn does not allege what vehicle-insurance expenses he was required to incur as a direct result of his use of the DoorDash platform, compared to the vehicle-insurance expenses he otherwise would have incurred. Similarly, while the Complaint includes vague references to "cell phone usage," Linn has not alleged that he purchased a cell phone or incurred any related costs *as a result of* his use of the DoorDash platform. Indeed, he alleges no facts regarding his cell phone plan or whether he incurred additional charges for calls or cellular data as a result of work-related usage. This Court recently dismissed nearly identical, defective expense reimbursement claims for this very reason. *Lee v. Postmates Inc.*, 2018 WL 6605659, at *10 (N.D. Cal. Dec. 17, 2018), *motion to certify appeal granted*, 2019 WL 1864442 (N.D. Cal. Apr. 25, 2019) ("This case must be viable as an individual action before it can be certified as a class action, and general allegations regarding 'couriers' do not substitute for allegations pertaining to [plaintiff] specifically."); *see also Franke*, 2017 WL 3224656, at *7.

Additionally, Linn fails to allege any facts establishing that DoorDash knew or had reason to know that he incurred any expenditures subject to reimbursement. Even if DoorDash were Linn's "employer" (it is not), Linn does not allege that DoorDash knew or had reason to know that he incurred any work-related expenses, let alone any specific facts demonstrating such knowledge. *Stuart*, 641 F. Supp. 2d at 903; *cf. Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) ("[P]laintiffs must sufficiently allege that a defendant was aware of" the circumstances giving rise to its legal obligations "to survive a motion to dismiss."). While driving may involve certain expenses, drivers

Gibson, Dunn & Crutcher LLP

7
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 3:20-CV-00666-RS

often work on multiple apps simultaneously, and those expenses may be covered by another entity. In any event, Linn fails to allege what type of transportation he actually used while performing deliveries. Consequently, the facts alleged are at most "merely consistent with" liability but "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

Because Linn, the lone California plaintiff, fails to plead the required elements of his claims under Section 2802, his claim fails "as a matter of law" and should be dismissed. *Hammitt v. Lumber Liquidators*, 19 F. Supp. 3d 989, 1001 (S.D. Cal. 2014).

### 2. Illinois Plaintiff Gipson's Reimbursement Claim Fails For The Same Reasons As Linn's

Plaintiff Gipson's reimbursement claim fails because the recently enacted Illinois reimbursement statute is materially similar to the California version. *Compare* 820 ILCS 115/9.5 ("An employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer."), *with* Cal. Lab. Code § 2802 ("[An] employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."). The Illinois statute went into effect on January 1, 2019, and it appears that no judicial opinion has yet cited this recently enacted statute. Accordingly, Gipson's claims under the Illinois reimbursement statute should be dismissed for the same reasons as Linn's claims.

### 3. Massachusetts Plaintiff Gregorio's Reimbursement Claim Fails For Additional Reasons

Plaintiff Gregorio brings a business expense reimbursement claim under Massachusetts General Law ch. 149, § 148, which provides that "[e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him" and that "[n]o person shall by a special contract with an employee or by any other means exempt himself from this section." This statute "generally prohibit[s] an employer from deducting, or withholding payment of, any *earned* wages." *Camara v. Attorney Gen.*, 458 Mass. 756, 760 (2011) (emphasis added). In other words, cause of action is limited to reimbursement of "compensation earned by labor, service or performance." *Fraelick v. PerkettPR, Inc.*, 83 Mass. App. Ct. 698, 706 (2013). As the Massachusetts Appeals Court

8

Gibson, Dunn & Crutcher LLP

has held in *Fraelick*, "the violation of a standard expense reimbursement arrangement would not constitute a violation of the Wage Act because the reimbursement is not compensation earned by labor, service or performance." *Id.* (internal citations omitted).

Here, Gregorio seeks reimbursement of alleged business expenses instead of compensation for labor, service, or performance. *See* Compl. ¶184. Therefore, his claim is not cognizable under Massachusetts law.

Plaintiffs cite one unpublished federal district court opinion for the proposition that Massachusetts law permits business-expense reimbursement, but fail to cite the language of the statute itself or any published Massachusetts case law in support of their position. *See* Compl. ¶¶ 182–185. Rather, the district court decided to "continue with the shaping of this case without awaiting further … direction from" the Massachusetts Supreme Judicial Court. *Martins v. 3PD Inc.*, 2014 WL 1271761, at *7 (D. Mass. Mar. 27, 2014); *see also Schwann v. FedEx Ground Package Sys., Inc.*, 2014 WL 496882, at *3 (D. Mass. Feb. 7, 2014) ("[T]he question of whether business expenses and deductions borne by employees are recoverable under the [Massachussetts] Wage Act is unsettled under state law."). The Massachusetts Appeals Court's decision in *Fraelick* makes clear that Plaintiffs' Massachussetts reimbursement claim fails.

### D. Plaintiffs Fail To State A Claim For Misappropriation Of Tips (Count 8)

Plaintiffs' eighth claim should be dismissed because California Labor Code § 351 "does not provide a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 603 (2010); *Matoff v. Brinker Rest. Corp.*, 439 F. Supp. 2d 1035, 1037 (C.D. Cal. 2006) (dismissing section 351 claim because "California Labor Code § 351 does not specify the existence or a private right of action").

### E. Plaintiffs Fail To Allege Predicate Violations To Support Their UCL Claims

Plaintiffs' UCL claims are predicated on independent violations of federal and state law. *See, e.g.*, Compl. ¶ 154 ("Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein."); *id.* ¶ 155 ("Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws."). But because the predicate claims regarding wage statement, meal and rest

9
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
CASE NO. 3:20-CV-00666-RS 


breaks, and reimbursement of business expenses fail, *see supra* pp. 3–8, the corresponding UCL claims must fail as well. As the California Court of Appeal has explained, where "the underlying causes of action fail, the derivative UCL … claims also fail." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011); *Byrd*, 2016 WL 756523, at *4 (dismissing plaintiff's unfair competition law claim "premised on [underlying dismissed] California Labor Code claims"); *Angeles v. U.S. Airways, Inc.*, 2013 WL 622032, at *10–11 (N.D. Cal. Feb. 19, 2013) (dismissing waiting time penalty and unfair competition claims based on failed overtime, meal period, and rest break claims); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089–90 (N.D. Cal. 2007) (dismissing Section 17200 and wage statement claims where underlying claims were invalid). So too here.

Although Plaintiffs do not assert a standalone claim for willful misclassification under Labor Code § 226.8, they cite § 226.8 as a basis for their UCL claim. *See* Compl. ¶ 155(b). But they fail to allege sufficient facts to support that claim, too. To adequately plead a § 226.8 claim, a plaintiff must allege facts sufficient to demonstrate that the defendant "avoid[ed] employee status for an individual by *voluntarily and knowingly* misclassifying that individual as an independent contractor." Cal. Lab. Code § 226.8(i)(4) (emphasis added). Plaintiffs' allegations fall far short of meeting this standard. In fact, Plaintiffs merely allege the conclusion that "DoorDash continues to willfully misclassify them as independent contractors." Compl. ¶ 3. "Noticeably absent from the Complaint are any facts which plausibly suggest that [defendant]'s alleged violations were willful." *Kellgren v. Petco Animal Supplies, Inc.*, 2013 WL 12076473, at *3 (S.D. Cal. Sept. 13, 2013) (dismissing claim for willful violation of FLSA where the complaint "lack[ed] sufficient factual matter to satisfy the plausibility standard set forth in *Iqbal* and *Twombly*," as it "[c]ontain[ed] no factual allegations demonstrating that Petco showed reckless disregard of whether its alleged conduct was prohibited by the FLSA"); *Wilson*, 668 F.3d at 1147–48 (affirming dismissal of UCL claim where plaintiffs' allegations of defendants' knowledge were "merely conclusory"). Nor does Plaintiffs "formulaic recitation of the elements" of the "ABC" test set forth in *Dynamex*, Compl. ¶¶ 46–73, suffice to state a claim that DoorDash willfully misclassified them as an independent contractors. *Landers*, 771 F.3d at 641 ("Under *Twombly*, a complaint that offers … 'a formulaic recitation of the elements of a cause of action[,]' … will not

suffice." (quoting *Twombly*, 550 U.S. at 555, 557)). For these reasons, Plaintiffs' willful misclassification claim under the UCL should be dismissed.

## CONCLUSION

This Court should dismiss the fifth, sixth, seventh, eighth, twelfth, and fifteenth causes of action. Similarly, the Court should dismiss the portions of Plaintiffs' ninth claim (UCL) that correspond to their inadequate claims for violations of California's wage statement, meal and rest break, and business expense reimbursement laws, as well as willful misclassification.

Dated: March 27, 2020

GIBSON, DUNN & CRUTCHER LLP

By: _____*/s/ Joshua Lipshutz*_____
    Joshua Lipshutz

Attorneys for Defendant DoorDash, Inc.

# PROOF OF SERVICE

I, Tim Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State. On March 27, 2020, I served the following document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

On the parties stated below, by the following means of service:

OUTTEN & GOLDEN LLP
JAHAN SAGAFI, SBN 224887
  jsagafi@outtengolden.com
RELIC SUN, SBN 306701
  rsun@outtengolden.com
MOLLY FRANDSEN, SBN 320094
  mfrandsen@outtengolden.com
One California Street, 12th Floor
San Francisco, CA 94111

GIBBS LAW GROUP LLP
STEVEN M. TINDALL, SBN 187862
  smt@classlawgroup.com
AARON BLUMENTHAL, SBN 310605
  ab@classlawgroup.com
NIKUL SHAH, SBN 321282
  ns@classlawgroup.com
505 14th Street, Suite 1110
Oakland, CA 94612

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2020

　　　　　　　　　　　　　　　　　*/s/ Tim Kolesk*
　　　　　　　　　　　　　　　　　Tim Kolesk